**The below described is SIGNED.**

**Dated: December 10, 2014**

_/s/ J T Marker_
**JOEL T. MARKER
U.S. Bankruptcy Judge**



# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy Number: 14-32546 |
|---|---|
| UD DISSOLUTION CORP., | Chapter 11 |
| Debtor. | Judge Joel T. Marker |

**ORDER TO (1) DISCLOSE SINGLE ASSET REAL ESTATE; (2) FILE STATUS REPORT; (3) ATTEND PRELIMINARY STATUS CONFERENCE; AND (4) FILE MONTHLY OPERATING REPORTS**

**A.    DEADLINES**

The Debtor must:

1. Declare whether the Debtor holds, owns, or possesses any legal or equitable interest in single asset real estate (see 11 U.S.C. §§ 362(d)(3) and 101(51B)) not later than **December 22, 2014**.

2. File and serve a preliminary status report not later than **December 22, 2014**.

**B.    PRELIMINARY STATUS CONFERENCE**

A preliminary status conference is set for **January 15, 2015 at 2:00 p.m.** before the Honorable Joel T. Marker in the United States Bankruptcy Court, Courtroom #341, 350 South Main Street, Salt Lake City, UT 84101.

C.      **DEBTOR'S DECLARATION CONCERNING SINGLE ASSET REAL ESTATE**

The Debtor must file a declaration whether the Debtor has any legal or equitable interest in "single asset real estate," as defined in 11 U.S.C. § 101(51B), by the date set forth above.

A party in interest may contest the Debtor's claim that it does or does not own single asset real estate by motion set for hearing in accordance with applicable Federal Rules of Bankruptcy Procedure and Local Rule 9013-1. Any response, as well as any reply, must be filed and served in accordance with Local Rule 9013-1. However, any motion contesting the Debtor's declaration regarding single asset real estate must be set for hearing by the objecting party not later than 90 days after the date of the petition.

D.      **CHAPTER 11 PRELIMINARY STATUS REPORT**

1.   **Service of the Preliminary Status Report.** The Debtor must, by the date set forth above, file a preliminary status report and serve it on the same persons and entities served with this Order and file proof of service with the Court.

2.   **Contents of the Preliminary Status Report.** The preliminary status report must contain an overview of the case, including the following matters, under the following headings, and in the following order:

   a.      **History of the Debtor.** The event(s) that caused the Debtor to file the petition;

   b.      **Type of Plan.** Whether the plan will be one of liquidation or reorganization;

   c.      **Cramdown.** Whether the Debtor intends to confirm the plan under 11 U.S.C. §§ 1129(a)(8) or 11 U.S.C. 1129(b);

   d.      **Valuation of Assets.** Whether the Debtor anticipates any litigation concerning the valuation of the assets;

   e.      **Cash Collateral and Adequate Protection.** Whether the Debtor anticipates any motions concerning cash collateral and adequate protection issues;

  f. **<u>Adversary Proceedings</u>.** Whether the Debtor anticipates filing any adversary proceedings that will be necessary to confirm or implement a plan. The Debtor must include a general description of the underlying facts that will give rise to the proceedings as well as the Bankruptcy Code sections under which the proceedings will be filed and who the anticipated parties will be;

  g. **<u>Environmental Issues</u>.** Whether the estate includes any property that could potentially give rise to claims or litigation based upon federal or state environmental laws;

  h. **<u>Objections to Claims</u>.** Whether the Debtor will object to any claims, the number of objections that will be filed, and the aggregate amount of the disputed claims;

  i. **<u>Post-Confirmation Sale of Assets</u>.** Whether the plan will include the post-confirmation sale of any assets that will require the involvement of the Court;

  j. **<u>Anticipated Professional Fees</u>.** Listed by profession, name, and expected amount of compensation;

  k. **<u>Small Business Case</u>.** Whether the Debtor is a "small business debtor" requiring treatment as a "small business case." *See* 11 U.S.C. §§ 101(51C) and (51D), 1102(a)(3), 1121(e), 1125(f) and 1129(e). If so, whether the Debtor has complied, and continues to comply, with all of the duties under 11 U.S.C. § 1116 in addition to the duties required of a chapter 11 debtor-in-possession; and

  l. **<u>Requirements of Chapter 11 Debtor-in-Possession</u>.** Whether the Debtor has complied, and continues to comply, with all of the duties under 11 U.S.C. §§ 521, 1106, and 1107, and the requirements of Local Rule 2081-1.

  3. **<u>Purpose of Preliminary Status Report</u>.** The Court expects to receive sufficient information to understand the financial problems which precipitated the filing of the petition, the Debtor's anticipated plan of reorganization, and the types of contested matters and adversary

proceedings that will likely be filed. With this information the Court may set the deadlines described below and determine if it will give preliminary approval of a disclosure statement without a hearing and give final approval of the disclosure statement at the hearing to confirm the plan. In appropriate circumstances, the Court may also permit the plan and disclosure statement to be combined into one document. Filing a preliminary status report with perfunctory conclusions and no meaningful factual detail does not comply with this Order.

4. **Sanctions for Failing to Comply.** Failure to comply with this Order may result in sanctions including dismissal, conversion, or the appointment of a trustee.

E. **CHAPTER 11 PRELIMINARY STATUS CONFERENCE**

1. **Appearance Mandatory. The Debtor and Debtor's counsel are ORDERED to appear *personally* at the preliminary status conference.**

2. **Matters to be Addressed.** At the preliminary status conference, the Court may enter orders and set deadlines as follows:

a. **Combined Plan and Disclosure Statement.** If appropriate, the Court may permit the Debtor to combine the plan and disclosure statement into one document. In such a case, the Court preliminarily approve the disclosures contained in the combined document. After preliminary approval, the combined document may be served and set for a hearing to consider final approval of the disclosures and confirmation of the plan.

b. **Preliminary Approval of Disclosure Statement.** If the Court does not permit the plan and disclosure statement to be combined into one document, it may permit the Debtor to obtain preliminary approval of a separate disclosure statement without a hearing. In such instances, after preliminary approval, the disclosure statement and plan may be served and set for a hearing to consider final approval of the disclosure statement and confirmation of the plan.

  c. **Date for Filing of the Plan and Disclosure Statement.** The Court may set a deadline for the Debtor's filing of proposed disclosure statement and plan. The Court anticipates that these documents will be filed in most cases within 90 days after the preliminary status conference.

  d. **Date of Hearing on the Disclosure Statement.** If the Court will not preliminarily approve the disclosure statement, it may set a deadline for a hearing to consider approval of the disclosure statement.

  e. **Date of Hearing to Confirm the Plan.** A deadline may be set for confirmation of the plan and, if the Court will preliminarily approve the disclosure statement, for final approval of the disclosure statement.

  f. **Executory Contracts.** The Court may set a deadline for the Debtor to accept or reject executory contracts and unexpired leases.

 3. **Telephonic Appearances.** A party in interest *other* than the Debtor and the Debtor's counsel may appear by telephone provided that the necessary arrangements for a telephonic appearance are made prior to the status conference. Telephonic appearances are optional.

 4. **Motions to Dismiss, Convert, or Appoint Trustee at the Preliminary Status Conference.** At the preliminary status conference or any continuation thereof, the Court may *sua sponte* order that the case be converted to another chapter or dismissed, or that a chapter 11 trustee be appointed.

Any party may request at the preliminary status conference, or any continuation thereof, that the case be converted to another chapter or dismissed, or that a chapter 11 trustee be appointed, provided that a motion requesting such relief is filed and served on persons or entities entitled to notice at least 10 days prior to the preliminary status conference. Opposition may be presented orally at the preliminary status conference.

**F.**     **MONTHLY OPERATING REPORTS.**

The Debtor is ORDERED to file with the Court a copy of each monthly operating report submitted to the United States Trustee from the date of the petition until the date a plan is confirmed or the case is converted to another chapter or dismissed.   Each such monthly operating report must be filed on the date such document is submitted to the United States Trustee, but not later than the 14th day of the month following expiration of the month which is the subject of the statement or report, in accordance with Local Rule 2081-1(b).

_____END OF DOCUMENT_____

_____ooo0ooo_____
**SERVICE LIST**

Service of the foregoing **ORDER TO (1) DISCLOSE SINGLE ASSET REAL ESTATE; (2) FILE STATUS REPORT; (3) ATTEND PRELIMINARY STATUS CONFERENCE; AND (4) FILE MONTHLY OPERATING REPORTS** will be effected through the Bankruptcy Noticing Center to each party on the official mailing matrix.