Brennan H. Moss (10267)
Pia Anderson Dorius Reynard & Moss
222 S. Main Street, Ste. 1830
Salt Lake City, Utah 84101
Telephone: (801) 350-9000
Facsimile: (801) 350-9010
E-Mail: bmoss@padrm.com

*Special Counsel to Debtor U.D. Dissolution*
*Corp. fka V3 Systems, Inc.*

## IN THE UNITED STATES BANKRUPTCY
## COURT FOR THE DISTRICT OF UTAH,
## CENTRAL DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 14-32546 |
| U.D. DISSOLUTION CORP., fka V3 SYSTEMS, INC., | |
| | (Chapter 11) |
| Debtor and Debtor-In-Possession. | Judge: Honorable Joel T. Marker |

## SUMMARY COVER SHEET PURSUANT TO 28 C.F.R. § 58, APPENDIX A, SECTION (b)(3), TO THE FIRST AND FINAL APPLICATION OF BRENNAN MOSS AND PIA ANDERSON DORIUS REYNARD & MOSS, LLC AS SPECIAL COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM DECEMBER 1, 2014 THROUGH AND INCLUDING MARCH 31, 2015

| | |
|---|---|
| Name of Applicant: | Brennan Moss and Pia Anderson Dorius Reynard & Moss, LLC (Special Counsel) |
| Authorized to provide professional services to: | Debtors and Debtors in Possession |
| Petition Date: | November 26, 2014 |

| Date of Retention: | January 13, 2015 *nunc pro tunc* to Petition Date |
|---|---|
| Period for which compensation and reimbursement are sought: | December 1, 2014 through March 31, 2015 |

| Amount of compensation sought as actual reasonable and necessary: | $30,825.00 _____ |
|---|---|
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $109.21 |
| This is a(n): ____monthly X interim ___final application | |
| Previous Awards/Applications | None |

| Name, Billing Rate and Admission Date of Billing Professionals: | | |
|---|---|---|
| Name | Admission Date | Billing Rate To 3/31/2015 |
| Brennan H. Moss | | $300 |
| Chrystal Mancuso- Smith | | $275 |

| Total Hours Billed and Total Amounts (Including Paraprofessionals): | | | |
|---|---|---|---|
| Name | Position | Hours | Total |
| Brennan H. Moss | Partner | 100 | $30,000.00 |
| Chrystal Mancuso- Smith | Partner | 3.00 | $825.00 |

Brennan H. Moss (10267)
Pia Anderson Dorius Reynard & Moss
222 S. Main Street, Ste. 1830
Salt Lake City, Utah 84101
Telephone:  (801) 350-9000
Facsimile:  (801) 350-9010
E-Mail: bmoss@padrm.com

*Special  Counsel to Debtor  U.D. Dissolution
Corp. fka V3 Systems, Inc.*

**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF UTAH,
CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>U.D. DISSOLUTION CORP., fka V3 SYSTEMS, INC.,<br><br>        Debtor and Debtor-In-Possession. | Bankruptcy Case No. 14-32546<br><br><br>(Chapter 11)<br><br>Judge:  Honorable Joel T. Marker |

**FIRST APPLICATION OF BRENNAN MOSS AND PIA ANDERSON DORIUS
REYNARD & MOSS, LLC AS SPECIAL COUNSEL TO THE DEBTOR AND DEBTOR
IN  POSSESSION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF  EXPENSES INCURRED FOR THE PERIOD FROM
DECEMBER 1, 2014 THROUGH AND INCLUDING MARCH 31, 2015**

For its first application (the "**Application**") for allowance of compensation and

reimbursement of expenses for the period of December 1, 2014 through March 31, 2015 ("**Fee**

**Period**"), Brennan Moss and Pia Anderson Dorius Reynard & Moss, LLC ("**PADRM**"), special

counsel to the  above-captioned debtor and debtor in possession ("**Debtor**"), respectfully

represents as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for this Application are 11 U.S.C. §§ 327(e), 330, 331, and 503(b)(2), Federal Rule of Bankruptcy Procedure Rule 2016, and 28 C.F.R. § 58, Appendix A.

**Background**

3.      On November 26, 2014 ("**Petition Date**"), the Debtor commenced its bankruptcy case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code  (11 U.S.C. §§ 101, et seq. as amended, the "**Bankruptcy Code**").

4.      The Debtor is operating its business, which consists of liquidation and winding up, as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case.

5.      On January 7, 2015 the Office of the United States Trustee for the District of Utah ("**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors  ("**Committee**") pursuant to 11 U.S.C. § 1102.  [Dkt. Nos. 22, 66]

6.      No special order establishing particular procedures for compensation and reimbursement of expenses of professionals has been entered in this case.

7.      To Applicant's knowledge, all U.S. Trustee fees are current, all monthly

2

operating reports are current, and a plan and disclosure statement have been filed.

### The Debtor's Retention of PADRM

8.        On January 16, 2015, purusnat to the application[1] of the Debtor, the Court entered

an Order Authorizing the Employment and Retention of Brennan Moss and Pia Anderson Dorius

Reynard & Moss, LLC as Special Counsel to the Debtor [Dkt. No. 38] ("**PADRM Retention**

**Order**").  A true and correct copy of the PADRM Retention Order is attached hereto as **Exhibit**

**A** and incorporated herein by reference.

9.        The PADRM Retention Order, as it incorporates the PADRM Application,

authorized Brennan Moss and PADRM to provide the following services to the Debtor

consistent with and in furtherance of the services enumerated herein:

(a)        Litigation, adversary proceedings, contested matters and
turnover proceedings between Debtor and Sphere Corp.
("**Sphere 3D Legal Issues**") related to a prepetition executory
asset purchase agreement between Debtor and Sphere;

(b)        Litigation, adversary proceedings, contested matters and related
proceedings between Debtor and Michael Anderer ("**Anderer**
**Legal Issues**");

(c)        Litigation, adversary proceedings, contested claims
and turnover proceedings between Debtor and Peter
Bookman ("**Bookman Legal Issues"**);

(d)        Litigation, adversary proceedings, contested claims and turnover
proceedings between Debtor and Daybreak Capital (and BA
Securities);

(e)        Litigation, adversary proceedings, contested claims and

---

[1] *See* Application of U.D. Dissolution Corp. for Entry of an Order Authorizing the Employment and Retention of
Brennan Moss as Special Counsel to the Debtor [Dkt. No. 14] ("**PADRM Retention Application**"), supplemented
by the Declaration of Brennan Moss in support of the PADRM Application [Dkt. No. 15].

turnover proceedings between Debtor and Cathy Voutzaz; and

    (f)    Litigation, adversary proceedings, contested claims and turnover proceedings between Debtor and Volker Wiora;

*See*, PADRM Retention Application at ¶ 6.

10.    PADRM provided services to the Debtor for several months before the bankruptcy proceeding on the listed matters and its retention in this case mitigated "the need [for new counsel] to spend time getting acquainted with the Debtor as a new client." PADRM Retention Application at ¶ 7; PADRM Retention Order.

## Additional Disclosures in Accordance with the U.S. Trustee Guidelines

11.    In accordance with the U.S. Trustee Guidelines, PADRM responds as follows:

    (a)    PADRM did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Fee Period;

    (b)    None of the PADRM professionals varied their hourly rate based on the geographic location of the bankruptcy case;

    (c)    The application does not include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices;

    (d)    The retention application does not include time or fees for reviewing time records to redact any privileged or other confidential information; and

    (e)    This retention application does not include a rate increase since the retention of PADRM.

## Previous Compensation and Reimbursement of Expenses

12.    PADRM has not filed a prior application or been awarded or paid any money on

4

account of services rendered and expenses incurred in this case.  PADRM did not take a retainer.

**Fees and Expenses Incurred During the Fee Period**

A.      *Customary Billing Disclosures*

13.      PADRM's hourly rates are set at a level designed to compensate PADRM fairly

for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The

hourly rates and corresponding rate structure utilized by PADRM in this chapter 11 case  is

equivalent to the hourly rates and corresponding rate structure used by PADRM for other

corporate restructuring and bankruptcy matters, as well as similar corporate, securities and

litigation matters, whether in court or otherwise, regardless of whether a fee application is

required.  Although a number of attorneys at PADRM have institutional knowledge of these

matters, and are tasked with working on them from time to time, this application only includes

work for two timekeepers: Brennan Moss and Chrystal Mancuso-Smith. The rates of Mr. Moss

and Ms. Mancuso-Smith are $300 and $275, respectively.

14.      Mr. Moss's rate is commensurate with other attorneys of his vintage and expertise.

Mr. Moss graduated from the George Washington University Law School in 2004 and was

admitted to the Utah Bar that same year. Since 2004, Mr. Moss has focused his practice on

complex commercial litigation. He has represented local, national, and international clients in

Federal Bankruptcy Court, Federal District Court, the United States Tax Court, and the 9th and

10th Circuit Court of Appeals.

15.      Ms. Mancuso-Smith's rate is commensurate with other attorneys of her vintage and

expertise. Ms. Mancuso-Smith graduated from the University of Utah S.J. Quinney College of

5

Law in 2006 and was admitted to the bar the same year. Ms. Mancuso-Smith has extensive

experience representing creditors and debtors in collection related matters. Ms. Mancuso-Smith

also has experience dealing with the internal revenue service ("IRS") and on tax related matters.

**B.** *Fees Incurred During Fee Period*

16.     PADRM has rendered services on behalf of the Debtor, including professionals

and paraprofessionals, for the Fee Period totaling 103.25 hours and, in connection therewith,

respectfully requests allowance of final compensation in the sum of $30,893.75.

17.     In the ordinary course of PADRM's practice, PADRM maintains computerized

records of the time expended for the professional services performed in connection with this

chapter 11 case on behalf of the Debtor.  For the convenience of the Court and parties in

interest, attached hereto as **Exhibit B** is a detailed record of the total time expended providing

professional services to the Debtor. The detailed record includes the initials of the professional

providing the service, the description of the service provided, and the date of the service

provided.

**C.** *Expenses Incurred During Fee Period*

18.     In the ordinary course of PADRM's practice, PADRM maintains a record of

expenses incurred in rendering of the professional services performed in connection with this

chapter 11 case on behalf of the Debtor.  The expenses incurred by PADRM may include

conference call charges, overnight delivery, travel expense, local messenger service, meals,

facsimiles, postage, duplicating and computerized legal research charges, all of which PADRM

normally bills to its non-bankruptcy clients at rates calculated to compensate PADRM for only the actual cost of the expense without markup. PADRM currently charges 13¢ per page for standard duplication in its offices. Notwithstanding the foregoing, PADRM charged no more than $0.10 per page for standard duplication services in this chapter 11 case. PADRM does not charge for incoming facsimile transmissions.

19.     In connection with the professional services PADRM rendered on behalf of Debtor during the Fee Period, PADRM has incurred expenses totaling $109.21 and respectfully requests allowance and payment of the same. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit B** is a summary for the Fee Period setting forth the total amount of reimbursement sought with respect to each category of expenses for which PADRM is seeking reimbursement.

### Reasonable and Necessary Services Provided by PADRM

A.     *Reasonable and Necessary Fees Incurred in Providing Services to Debtor*

20.     The foregoing professional services provided by PADRM on behalf of Debtor during the Fee Period were reasonable, necessary and appropriate to the administration of this chapter 11 case and related matters and are reasonably worth the sum of $30,893.75 The blended hourly rate for all services provided by PADRM during the fee period, excluding paraprofessionals, is $287.50. The blended rates on each of the four task categories are stated above and also reflected on the attached billings.

21.     The attorneys who worked on this case during the Fee Period have various levels of expertise. From time to time these attorneys consulted with each other and other attorneys on

different aspects of the case.  It is submitted that this is a more efficient way to represent the

Debtor rather than to expect any single attorney to be an expert in all applicable areas of law.  If a

single attorney were to attempt to run a case such as this, the attorney would have to learn

through research what other attorneys know and can tell him or her based on their years of

knowledge and expertise.

**B.**     ***Reasonable and Necessary Expenses Incurred in Providing Services to Debtor***

22.     The actual expenses incurred by PADRM in providing professional services  were

necessary, reasonable and justified under the circumstances to serve the needs of the Debtor in

this chapter 11 case. PADRM requests reimbursement of  expenses incurred on behalf of the

Debtor for the Fee Period in connection with this chapter 11  case in the sum of $109.21.  A

summary of the expenses which itemize each is attached hereto  as **Exhibit B**.

**PADRM's Requested Compensation and Reimbursement Should be Allowed**

23.     Section 331 of the Bankruptcy Code provides for compensation of professionals

and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the

Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court

may award a professional employed under section  327 of the Bankruptcy Code "reasonable

compensation for actual necessary services rendered . . . and reimbursement for actual, necessary

expenses." 11 U.S.C. § 330(a)(1).  Section 330 of the Bankruptcy Code also sets forth the  criteria

for an award of compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the
> court should consider the nature, extent, and the value of such services,

taking into account all relevant factors, including –

   (a)     the time spent on such services;

   (b)     the rates charged for such services;

   (c)     whether the services were necessary to the
administration of, or beneficial at the time at
which the service was rendered toward the
completion of, a case under this title;

   (d)     whether the services were performed within a
reasonable amount of time commensurate with
the complexity, importance, and nature of the
problem, issue, or task addressed; and

   (e)     whether the compensation is reasonable based on
the customary compensation charged by comparably
skilled practitioners in cases other than cases under
this title.

11 U.S.C. § 330(a)(3).

24.     PADRM respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtor and were rendered to protect and preserve the Debtors' rights. PADRM further believes that it performed the services for the Debtor economically, effectively and efficiently, and the results obtained benefitted the Debtor. PADRM further submits that the compensation requested herein is reasonable in the light of the nature, extent and value of such services to Debtor.

25.     During the course of the Fee Period, PADRM's billing rates for attorneys in this engagement ranged from $275.00 to $300.00 per hour. These hourly rates are consistent with local rates and considerably below rates charged by attorneys with similar skills and experience

at regional firms in this jurisdiction.  The hourly rates and corresponding rate structure utilized by

PADRM in this chapter 11 case are equivalent to the hourly rates and corresponding rate structure

used by PADRM for other restructuring and bankruptcy matters,  as well as similar complex

corporate, securities, patent and litigation matters whether in court or otherwise, regardless of

whether a fee application is required.  PADRM strives to be efficient in the staffing of matters

and, in this case, particularly took advantage to the benefit of the Debtor of its prior institutional

knowledge of the Debtor's financial affairs.  PADRM's hourly rates are sets at a level designed

to compensate PADRM fairly for the work of its attorneys and paraprofessionals and to cover

fixed and routine expenses.  Hourly rates vary with the experience and seniority of the

individuals assigned.

26.     In summary, PADRM respectfully submits that the professional services provided

by PADRM on behalf of Debtor during this chapter 11 case were necessary and appropriate given

the complexity of this chapter 11 case, the time expended by PADRM, the nature and extent of

PADRM's services provided, the value of PADRM's services, and the costs of comparable

services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the

Bankruptcy Code.  Accordingly, PADRM respectfully submits the approval of the compensation

sought herein and a directive of this highly liquid estate to pay such fees and costs forthwith, as

an administrative expense pursuant to section 503(b)(2) of the Bankruptcy Code.

**No Prior Request**

27.     No prior application for the relief requested herein has been made to this or any

other court.

10

**Approval**

28.      Debtor has reviewed and approved the fees and costs sought herein.

**Request for Application Fees**

29.      PADRM requests award of fees, in addition to fees applied for herein, incurred

in preparing, prosecuting and defending this Application.

WHEREFORE, PADRM respectfully requests that the Court enter an order

(a) awarding PADRM compensation for professional and paraprofessional services

provided during the Fee Period in the amount of $30,825.00, and reimbursement of actual,

reasonable, and necessary expenses incurred in the Fee Period in the amount of $109.21,

plus additional fees incurred with regard to this Application as shown by submissions to the

Court;

(b) authorizing and directing the Debtor to remit payment to PADRM for such fees and

expenses; and (c) granting such other and further relief as just and appropriate in the

circumstances.

DATED this 1st day of June 2015.

PIA ANDERSON DORIUS REYNARD & MOSS, LLC


By:  /s/ Brennan H. Moss
       Brennan H. Moss
       Special Counsel to Debtor

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2015, I electronically filed the foregoing **SUMMARY COVER SHEET PURSUANT TO 28 C.F.R. § 58, APPENDIX A, SECTION (b)(3), TO THE FIRST AND FINAL APPLICATION OF BRENNAN MOSS AND PIA ANDERSON DORIUS REYNARD & MOSS, LLC AS SPECIAL COUNSEL TO THE DEBTOR AND DEBTOR IN  POSSESSION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF  EXPENSES INCURRED FOR THE PERIOD FROM DECEMBER 1, 2014 THROUGH  AND INCLUDING MARCH 31, 2015** and the **FIRST AND FINAL APPLICATION OF B R E N N A N  M O S S  A N D  PIA ANDERSON DORIUS REYNARD & MOSS, LLC AS SPECIAL COUNSEL TO  THE DEBTOR AND DEBTOR IN POSSESSION FOR ALLOWANCE OF  COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE  PERIOD FROM DECEMBER 1, 2014 THROUGH AND INCLUDING MARCH 31, 2015** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system.  I further certify that the parties of record in this case as identified below, are registered CM/ECF  users and will be served through the CM/ECF system:

| | |
|---|---|
| **Matthew M. Boley** | mmb@pkhlawyers.com,   jh@pkhlawyers.com |
| **Kenneth L. Cannon** | kcannon@djplaw.com, khughes@djplaw.com |
| **Laurie A. Cayton tr** | laurie.cayton@usdoj.gov, James.Gee@usdoj.gov; Lindsey.Huston@usdoj.gov;   Suzanne.Verhaal@usdoj.gov |
| **Deborah Rae Chandler** | chandler@millertoone.com |
| **Blake D. Miller** | miller@millertoone.com,   millermobile@gmail.com; miller@ecf.inforuptcy.com;   miller.blaked@gmail.com |
| **Jeffrey Weston Shields** | jshields@joneswaldo.com |
| **Robert S. Prince** | rprince@kmclaw.com, squilter@kmclaw.com |
| **United States Trustee** | USTPRegion19.SK.ECF@usdoj.gov |
| **Peter Billings** | pbillings@fabianlaw.com |
| **Douglas Payne** | dpayne@fabianlaw.com |

**BY U.S. MAIL:**

I further certify that on June 1, 2015, a true and correct copy of the foregoing document was served via U.S. Mail, postage prepaid, addressed as follows:

U.D. DISSOLUTION CORP, Debtor
299 South Main Street, Suite 1300
Salt Lake City, Utah  84111

/s/ Brennan H. Moss

# EXHIBIT A

**The below described is SIGNED.**

**Dated: January 15, 2015**        

**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

---

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**UD DISSOLUTION CORP.**<br>**(fna, V3 Systems, Inc.)**<br><br>Debtor. | **Bankruptcy Case No. 14-32546**<br>**Chapter 11**<br><br>**Honorable Joel T. Marker**<br><br>**(Filed Electronically)** |

**ORDER APPROVING APPLICATION OF THE DEBTOR TO EMPLOY BRENNAN MOSS AND PIA ANDERSON DORIUS REYNARD & MOSS AS SPECIAL COUNSEL**

The Court, having considered the Application to Employ Brennan Moss and Pia Anderson Dorius Reynard & Moss as Special Counsel for the Debtor [Docket No. 14] (the "Application"), adequate notice having been given pursuant to Bankruptcy Rule 2014, the United States Trustee having consented to the Application as evidenced by counsel's endorsement of this Order, and good cause appearing therefore, hereby ORDERS as follows:

1.      The Application is granted.

2.      The Debtor is hereby authorized to retain and employ Employ Brennan Moss and Pia Anderson Dorius Reynard & Moss as Special Counsel for the Debtor, according to the terms stated in the Application.

------------------------ END OF ORDER ------------------------

**Approved as to Form:**

Miller Toone, P.C.            United States Trustee

/s/ Blake D. Miller            /s/ Laurie Cayton
Blake D. Miller            Laurie Cayton
*Counsel for the Debtor*            *Counsel for the United States
            Trustee*

Above signatures used with
permission

# EXHIBIT B

**Pia Anderson Dorius Reynard & Moss**
**222 South Main Street**
**Suite 1830**
**Salt Lake City, UT 84101**

Invoice submitted to:

V3 Systems, Inc.
c/o Bill Kesselring
12159 S. Business Park Dr.
Ste. 140
Salt Lake City, UT 84020

| | |
|---|---|
| Invoice # | **32907** |
| Invoice Date | **04/17/2015** |
| For Services Through | 03/31/2015 |
| Terms: | **N/A** |

| Date | By | Service Summary | Hours/Rate | Amount |
|------|----|----|-----------|--------|
| | | **In Reference To: General (Time)** | | |
| 12/01/2014 | BHM | Analyze issues relating to ▮▮▮▮; Conference with Jeff Shields and the clients regarding ▮▮▮▮; Work on related bankruptcy claims; Analyze claims by Zynczak regarding ▮▮▮▮; Research regarding ▮▮▮▮. Analyze issues relating to Anderer's claims ▮▮▮▮; Conference with Jeff Shields regarding ▮▮▮▮; Analyze issues regarding ▮▮▮▮; Analyze filing by the district court regarding scheduling. | 3.50 at $ 300.00/hr | $ 1,050.00 |
| 12/03/2014 | BHM | Analyze issues relating to ▮▮▮▮; Conference with Jeff Shields and Blake Miller ▮▮▮▮; Conference with clients ▮▮▮▮; Work on issues relating to ▮▮▮▮; Analyze claims ▮▮▮▮; Conference with clients ▮▮▮▮; Conference with Jeff Shields ▮▮▮▮; Analyze issues relating to ▮▮▮▮; Communication with opposing counsel. | 2.75 at $ 300.00/hr | $ 825.00 |
| 12/04/2014 | BHM | Analyze communication from ▮▮▮▮; Conference with Jeff Shields ▮▮▮▮; Analyze issues ▮▮▮▮; conference with client ▮▮▮▮. Analyze discovery issues relating ▮▮▮▮; Analyze bankruptcy issues ▮▮▮▮. | 2.50 at $ 300.00/hr | $ 750.00 |
| 12/08/2014 | BHM | Conference with clients ▮▮▮▮; Conference with Jeff Shields ▮▮▮▮; Work on bankruptcy issues relating ▮▮▮▮; analyze meeting minutes. | 2.50 at $ 300.00/hr | $ 750.00 |
| 12/09/2014 | BHM | Work on claims ▮▮▮▮; work on application issues. Conference regarding ▮▮▮▮; research ▮▮▮▮ | 1.75 at $ 300.00/hr | $ 525.00 |
| 12/10/2014 | BHM | Work on bankruptcy issues and claims; assist in providing information to bankruptcy counsel ▮▮▮▮; work on ▮▮▮▮; work ▮▮▮▮ | 2.50 at $ 300.00/hr | $ 750.00 |

| 12/11/2014 | BHM | Meeting to analyze and discuss issues ████████████; analyze claims and facts ████████████; analyze ████████. | 5.25 at $ 300.00/hr | $ 1,575.00 |
| 12/11/2014 | CMS | Receive and consider email from Jeff Gilfix regarding ████████ ████████████████████. | 0.25 at $ 275.00/hr | $ 68.75 |
| 12/12/2014 | BHM | Analyze ████████████; work on bankruptcy issues; communication with bankruptcy counsel ████████; communication with creditors ████████████ █. | 1.75 at $ 300.00/hr | $ 525.00 |
| 12/15/2014 | BHM | Work on ████████████ issues; conference with client regarding ████████. Analyze bankruptcy issues; work on issues ████████. Conference with clients ████████████. | 1.75 at $ 300.00/hr | $ 525.00 |
| 12/16/2014 | BHM | Conference with Jeff Shields ████████████████; work on ████████; research issues ████████████. | 2.75 at $ 300.00/hr | $ 825.00 |
| 12/18/2014 | BHM | Work on ████████████ work on bankruptcy issues; conference regarding ████████. | 3.25 at $ 300.00/hr | $ 975.00 |
| 12/19/2014 | BHM | Work on issues; work on ████████ conference with client. | 3.50 at $ 300.00/hr | $ 1,050.00 |
| 12/22/2014 | BHM | Conference with Jeff Shields ████████████; analyze initial status report; conference with bankruptcy counsel regarding ████████ work on ████████. | 3.50 at $ 300.00/hr | $ 1,050.00 |
| 12/23/2014 | BHM | Work on V3 claims and bankruptcy issues; conference with Jeff Shields ████████. | 0.75 at $ 300.00/hr | $ 225.00 |
| 12/29/2014 | BHM | Analyze bankruptcy issues and 401(k) claims; conference with clients. | 1.50 at $ 300.00/hr | $ 450.00 |
| 01/02/2015 | BHM | Analyze court communication regarding the case. | 0.50 at $ 300.00/hr | $ 150.00 |
| 01/05/2015 | BHM | Work on bankruptcy issues and tax questions; conference with client ████████. | 0.75 at $ 300.00/hr | $ 225.00 |
| 01/05/2015 | CMS | Telephone call with Ric Lindstrom ████████████████. Review and analyze ████████████████. Leave detailed message requesting contact. | 0.75 at $ 275.00/hr | $ 206.25 |
| 01/06/2015 | BHM | Conference with Jeff Shields ████████████; analyze IRS issues and resolution; analyze claims t████; finalize Voutaz order dismissing the state court action and communication with Matt Boley regarding the same. | 1.00 at $ 300.00/hr | $ 300.00 |

| Date | Initials | Description | Time/Rate | Amount |
|---|---|---|---|---|
| 01/06/2015 | CMS | Telephone conference with local IRS agent Kimberly Wheelock ████████████████████████████████ ██████████████████ Email correspondence to/from client Ric Lindstrom ████████████████████████████ Telephone conference with client Ric Lindstrom ████████████████████████████ | 1.00 at $ 275.00/hr | $ 275.00 |
| 01/08/2015 | BHM | Analyze filing by the trustee regarding ██████████; research issues regarding ████████; conference with client regarding ███ ███; work on information and discovery issues. | 1.00 at $ 300.00/hr | $ 300.00 |
| 01/09/2015 | BHM | Analyze ████████████; conference ████████████. | 0.50 at $ 300.00/hr | $ 150.00 |
| 01/13/2015 | BHM | Work on FINRA issues and communication with counsel ████████ ███; analyze Voutaz issues. | 0.50 at $ 300.00/hr | $ 150.00 |
| 01/16/2015 | BHM | Analyze issues regarding the January 15th bankruptcy hearing; analyze bankruptcy filings; conference with Jeff Shields ████████████. | 0.75 at $ 300.00/hr | $ 225.00 |
| 01/17/2015 | BHM | Prepare for and attend conference with clients regarding ████████ ██████; research ██████████████; analyze issues ████████████ | 2.00 at $ 300.00/hr | $ 600.00 |
| 01/19/2015 | BHM | Work on Voutaz matters; conference with clients ██████████. | 0.75 at $ 300.00/hr | $ 225.00 |
| 01/20/2015 | BHM | Analyze issues relating to the Voutaz claim; conference with Jeff Shields and Blake Miller ████████████████; prepare summary of the same. | 1.50 at $ 300.00/hr | $ 450.00 |
| 01/21/2015 | BHM | Work on ████████████ interview several attorneys regarding the same; conference ████████████; conference with opposing counsel | 1.00 at $ 300.00/hr | $ 300.00 |
| 01/23/2015 | BHM | Analyze Voutaz deal and settlement points; conference ████████ ████████████ | 0.25 at $ 300.00/hr | $ 75.00 |
| 01/28/2015 | BHM | Analyze issues relating to the Voutaz stock matter; conference with Jeff Shields ████████████ | 0.50 at $ 300.00/hr | $ 150.00 |
| 01/29/2015 | BHM | Conference regarding pending issues and matters relating to ██████ ██████████████ | 1.00 at $ 300.00/hr | $ 300.00 |
| 01/30/2015 | BHM | Conference regarding ████████████████████████████ | 1.00 at $ 300.00/hr | $ 300.00 |
| 02/02/2015 | BHM | Conference regarding ████████████████████████ ██████████. | 1.50 at $ 300.00/hr | $ 450.00 |
| 02/03/2015 | BHM | Prepare for and meet with clients regarding bankruptcy strategy; research issues regarding the same. | 8.25 at $ 300.00/hr | $ 2,475.00 |

| | | | | |
|---|---|---|---|---|
| 02/04/2015 | BHM | Analyze pending issues relating ███████████ analyze tax issues; conference with Jeff Shields ███████████. | 0.75 at $ 300.00/hr | $ 225.00 |
| 02/04/2015 | CMS | Series of correspondence between and among Jeff Shields and Ric Lindstrom regarding ███████████. | 0.25 at $ 275.00/hr | $ 68.75 |
| 02/05/2015 | BHM | Conference regarding ███████████ conference regarding ██████ ███████████; send documents to Scarsdale; conference ██████ ██. | 3.75 at $ 300.00/hr | $ 1,125.00 |
| 02/05/2015 | CMS | Receive and review correspondence from Mark Hashimoto regarding W2s and 1099s. | 0.25 at $ 275.00/hr | $ 68.75 |
| 02/06/2015 | BHM | Analyze claims by Voutaz and issues raised by the creditor committee; communication with client regarding ███████████. | 1.50 at $ 300.00/hr | $ 450.00 |
| 02/09/2015 | BHM | Analyze claims against the estate; conference with Jeff Shields regarding ███████████; work on strategy regarding ███████████. | 1.50 at $ 300.00/hr | $ 450.00 |
| 02/10/2015 | BHM | Analyze claims. | 0.25 at $ 300.00/hr | $ 75.00 |
| 02/12/2015 | BHM | Conference with clients ███████████; work on issues regarding bankruptcy claims; analyze documents ███████████. | 1.75 at $ 300.00/hr | $ 525.00 |
| 02/12/2015 | CMS | Telephone conference with Mark Hashimoto regarding the status of V3's tax filings and our outstanding abatement request. Provide additional information (i.e. 941 Schedule Bs) to Mark by email. | 0.50 at $ 275.00/hr | $ 137.50 |
| 02/13/2015 | BHM | Work on stock issues; conference ███████████. | 0.75 at $ 300.00/hr | $ 225.00 |
| 02/16/2015 | BHM | Communication regarding ███████████; analyze the same. | 0.50 at $ 300.00/hr | $ 150.00 |
| 02/17/2015 | BHM | Conference regarding ███████████. | 0.50 at $ 300.00/hr | $ 150.00 |
| 02/18/2015 | BHM | Analyze bankruptcy filings; conference ███████████; work on ███████████. | 1.00 at $ 300.00/hr | $ 300.00 |
| 02/19/2015 | BHM | Analyze breaches by sphere ███████████; analyze communication from client. | 0.75 at $ 300.00/hr | $ 225.00 |
| 02/23/2015 | BHM | Work on claims issues. | 0.50 at $ 300.00/hr | $ 150.00 |
| 02/24/2015 | BHM | Work on claims issues. | 0.50 at $ 300.00/hr | $ 150.00 |
| 03/02/2015 | BHM | Work on claims involving Anderer and Daybreak; conference with Jeff Shields ███████████. | 0.75 at $ 300.00/hr | $ 225.00 |
| 03/03/2015 | BHM | Conference with Jeff Shields and Blake Miller regarding ███████████ | 1.75 at $ 300.00/hr | $ 525.00 |

| | | | | |
|---|---|---|---|---|
| 03/04/2015 | BHM | Work on ███████████; conference regarding the strategy. | 0.75 at $ 300.00/hr | $ 225.00 |
| 03/13/2015 | BHM | Conference with client ██████. | 1.25 at $ 300.00/hr | $ 375.00 |
| 03/16/2015 | BHM | Conference with client; analyze claims. | 1.75 at $ 300.00/hr | $ 525.00 |
| 03/18/2015 | BHM | Work on claims issues. | 0.75 at $ 300.00/hr | $ 225.00 |
| 03/19/2015 | BHM | Work on claims; conference with co- counsel; analyze ████████. | 2.25 at $ 300.00/hr | $ 675.00 |
| 03/20/2015 | BHM | Work on claims; conference with client. | 2.00 at $ 300.00/hr | $ 600.00 |
| 03/23/2015 | BHM | Conference with client; work on case issues. | 4.75 at $ 300.00/hr | $ 1,425.00 |
| 03/24/2015 | BHM | Conference regarding ████████████████ ████. Analyze claims and prepare for ███████████; meeting with clients and co-counsel. | 4.50 at $ 300.00/hr | $ 1,350.00 |
| 03/26/2015 | BHM | Follow-up on pending issues; conference with clients ██████; analyze claims against sphere. | 1.75 at $ 300.00/hr | $ 525.00 |
| 03/30/2015 | BHM | Work on claims; analyze the same. | 0.25 at $ 300.00/hr | $ 75.00 |
| 03/31/2015 | BHM | Work on claim issues; prepare for claims by ████████. | 1.25 at $ 300.00/hr | $ 375.00 |

In Reference To:  **General (Expenses)**

| | | | | |
|---|---|---|---|---|
| 02/03/2015 | SMH | Lunch for meeting with client and Jeff Shields (bankruptcy matter) | $33.28 | $ 33.28 |
| 02/05/2015 | SMH | Fed Ex to Lana Gayevsky/Scarsdale Equities | $36.38 | $ 36.38 |
| 03/25/2015 | SMH | Lunch for document review/bankruptcy meeting | $39.55 | $ 39.55 |

Total Hours:   103.00 hrs
Total Time: $ 30,825.00
Total Expenses:    $ 109.21
**Total Invoice Amount: $ 30,934.21**
**Previous Balance: $ 15,502.76**
**Balance (Amount Due): $ 46,436.97**