**This order is SIGNED.**

**Dated: July 9, 2015**



**JOEL T. MARKER
U.S. Bankruptcy Judge**



IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | Bankruptcy Case No. 14-32546 |
|---|---|
| **UD DISSOLUTION CORP.**<br>**(fna, V3 Systems, Inc.)** | **Chapter 11**<br><br>Honorable Joel T. Marker |
| Debtor. | (Filed Electronically) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The hearing on confirmation of the Debtor's Plan of Liquidation, dated May 7, 2015 filed by UD Dissolution Corp., the Debtor and Debtor-In-Possession [docket #91] (the "Plan"), was held before the Honorable Joel T. Marker on July 9, 2015 at 10:00 a.m.  Blake D. Miller and Deborah R. Chandler of Miller Toone, P.C. appeared on behalf of the Debtor; Peter W. Billings of Fabian Clendenin appeared on behalf of the Official Committee of Unsecured Creditors; Kenneth L. Cannon of Durham Jones & Pinegar appeared on behalf of Abundance Private Opportunity Fund, LP; Laurie A. Cayton appeared on behalf of the United States Trustee and other parties appeared as may be noted on the record.  The Bankruptcy Court, having considered the matters before it, including the Plan, the Plan ballots, the Declaration of Eric Lindstrom in Support of

Confirmation of the Plan, and good cause appearing, hereby makes the following Findings of Fact and Conclusions of Law[1], in addition to any findings made of record at the hearing:

1. <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>. This Court has jurisdiction over the Bankruptcy Case[2] pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C.§ 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2. <u>Judicial Notice</u>. This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers and other documents filed, all orders entered, and the transcripts of, and all minute entries on the docket indicating the evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Bankruptcy Case.

3. <u>Transmittal and Mailing of Material; Notice</u>. All due, adequate and sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan, were given to all known holders of Claims and Equity Interest in accordance with the Bankruptcy Rules. The Disclosure Statement, Plan, and relevant ballots were transmitted and served in substantial compliance with the Bankruptcy Rules upon Creditors

---

[1] Findings of Fact shall be construed as conclusions of law and Conclusions of Law shall be construed as findings of fact were appropriate. <u>See Fed. R. Bankr. P. 7052.</u>

[2] Capitalized terms used but not otherwise defined herein are defined in the Plan.

and holders of Equity Interests entitled to vote on the Plan, and such transmittal and service were adequate and sufficient. No other or further notice of the Plan or Confirmation Hearing is or shall be required.

4. Solicitation. The solicitation of votes for acceptance or rejection of the Plan complied with §§ 1125 and 1126, Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, and all other rules, laws and regulations. Based on the record before the Court in the Bankruptcy Case, the Debtor has acted in "good faith" within the meaning of §1125, and is entitled to the protections afforded by §1125(e).

5. Distribution. All procedures used to distribute the solicitation materials to the applicable holders of Claims and Equity Interests and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the Bankruptcy Court, and all other rules, laws and regulations.

6. Creditor's and Equity Holders' Acceptance of Plan. The Plan establishes five Classes of Creditors and three Classes of Equity Interests, for a total of eight separate Classes. Impaired classes 4 and 5 accepted the Plan. Impaired classes 6 and 7 rejected the Plan. Class 8 is deemed to have accepted the Plan. No creditor or Interest holder objected to confirmation of the Plan.

    7.   <u>Plan Complies with Bankruptcy Code</u>. The Plan, as modified by the Confirmation Order, complies with the applicable provisions of the Bankruptcy Code, thereby satisfying §1129(a)(1).

    a.   <u>Proper Classification.</u> The Claims or Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests in each such Class. The Plan properly classifies Claims and Interests. In addition to Administrative Expense Claims, which are not classified under the Plan, the Plan designates various separate classes of Claims and Equity Interests based on differences in their legal nature or priority. Further, valid business, factual and legal reasons exist for separately classifying the various classes of Claims and Equity Interests under the Plan. Finally, the Classes do not unfairly discriminate between holders of Claims or Equity Interests. Thus, the Plan satisfies §§ 1122 and 1123(a)(1).

    b.   <u>Specify Unimpaired Classes.</u> Other than for Priority Tax Claims and other Priority Claims, the Plan does not contain any other Unimpaired Classes.

    c.   <u>Specify Treatment of Impaired Classes.</u> Classes 3 through 8 are designated as Impaired under the Plan. Article IV of the Plan specifies the treatment of the Impaired Classes of Claims and Equity Interests, thereby satisfying §1123(a)(3).

    d.   <u>No Discrimination.</u> The Plan provides for the same treatment for each Claim and Equity Interest in each respective Class until the holder of a particular Claim or Equity Interest

has agreed to less favorable treatment with respect to such Claim or Equity Interest, thereby satisfying § 1123(a)(4).

  e. <u>Implementation of Plan.</u> The Plan provides adequate and proper means for implementation of the Plan, thereby satisfying § 1123(a)(5).

  f. <u>Issuance of Non-Voting Shares</u>. 11 U.S.C. §1123(a)(6) is not applicable because the Debtor's Interest holders will exchange their stock in the Debtor for beneficial interests in a liquidating trust; all assets of the Reorganized Debtor shall be managed by the trust, the trust is not a corporation and no equity interest in the Debtor will be issued pursuant to the Plan.

  g. <u>Selection of Trustees.</u> The manner of selection of the Liquidating Trustees reflects the interest of those represented and is consistent with the interest of creditors and interest holders. Section 1123(a)(7) is thus satisfied.

  h. <u>Additional Plan Provisions.</u> The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions respecting (a) the assumption of executory contracts and unexpired leases, and (b) the retention and future enforcement by the Liquidating Trust of Claims under Chapter 5 and applicable non-bankruptcy law, thus satisfying the requirements of § 1123(b).

  i. <u>Bankruptcy Rule 3016(a).</u> The Plan is dated and identifies the Debtor as the proponent, thereby satisfying Bankruptcy Rule 3016(a).

8. <u>The Debtor has Complied with the Bankruptcy Code.</u> The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying § 1129(a)(2).

    a. The Debtor is a proper proponent of the Plan under § 1121(c)(2).

    b. The Debtor has complied generally with applicable provisions of the Bankruptcy Code.

    c. The Debtor has complied with applicable provisions of the Bankruptcy Code, including § 1125, the Bankruptcy Rules, and other Orders of the Court in transmitting the Plan, the Disclosure Statement, the ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

9. <u>Plan Proposed in Good Faith.</u> The Debtor proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying § 1129(a)(3). In determining that the Plan has been proposed in good faith, the Court examined the totality of the circumstances surrounding the filing of the Bankruptcy Case and the formulation of the Plan. The Debtor proposed the Plan with the legitimate and honest purposes of, among other things, reaching a fair, equitable and expeditious resolution of the complex business and legal issues presented by the Bankruptcy Case. Further, there is a reasonable likelihood that the Plan will achieve its intended results which are consistent with the purposes of the Bankruptcy Code. Finally, the Plan is feasible and practical.

10. <u>Payments for Services and Costs and Expenses.</u>  Any payment made or to be made under the Plan for services or for costs and expenses or in connection with the Bankruptcy Case prior to the Effective Date, including all fees and expenses incurred by professionals, or in connection with the Plan and incident to the Bankruptcy Case, has been approved, or is subject to the approval of, the Court as reasonable, thereby satisfying § 1129(a)(4).

11. <u>Liquidating Trustees.</u>  The Liquidating Trustees have been disclosed.  The services of the Liquidating Trustees post-confirmation is consistent with the interests of the holders of Claims and Equity Interests and with public policy.  Therefore, the Debtor has complied with § 1129(a)(5).

12. <u>No Rate Changes.</u>  The Plan satisfies § 1129(a)(6) because the Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

13. <u>Best Interests of Creditors Test.</u>  The Plan satisfies § 1129(a)(7) because each Class of Claims and Equity Interests that is Impaired and entitled to vote under the Plan has either voted (or, opting not to vote or object to confirmation, is deemed) to accept the Plan or, in the case of classes 6 and 7, will receive under the Plan on account of such Interests property of a value, as of the Effective Date of the Plan, that is not less than what such holders would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on the Effective Date.

14. <u>Acceptance by Certain Classes.</u>  Impaired classes 4 and 5 have voted to accept the Plan and impaired Class 8 is deemed to have accepted the Plan.  Classes 6 and 7 have rejected the Plan, thus requiring satisfaction of § 1129(b)(2)(C) for those Classes of Interests.

15. <u>Treatment of Administrative Expense Claims and Priority Tax Claims.</u>  The Plan satisfies § 1129(a)(9).  Except to the extent the holder of a particular Claim agrees to a different treatment, the Plan specifies that Administrative Expense Claims (including professional compensation) and Priority Tax Claims shall be paid as mandated by § 1129(a)(9).

16. <u>Acceptance by at Least One Impaired Class.</u>  Impaired classes 4 and 5 have voted to accept the Plan and impaired Class 8 is deemed to have accepted the Plan, and the acceptance of at least one of such accepting impaired Classes has been determined without including the votes of any Insiders, thus satisfying § 1129(a)(10).

17. <u>Feasibility.</u>  The Plan is feasible and complies with § 1129(a)(11) because liquidation is proposed in the Plan.

18. <u>Payment of Fees.</u>  All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to the Plan, thereby satisfying § 1129(a)(12).

19. <u>Retiree Benefits.</u>  The Plan complies with § 1129(a)(13) because the Debtor has no retirees and owes no retiree benefits.

20. <u>Non-Profit Transfers</u>.  The Debtor is not a non-profit entity.  11 U.S.C. § 1129(a)(16) is thus inapplicable.

21. <u>Fair and Equitable; No Unfair Discrimination.</u>  The holders of Interests in Classes 6 and 7 shall receive on account of such Interest, property of a value, as of the Effective Date of the Plan, equal to the greatest of the allowed amount of any fixed liquidation preference to which such holder is entitled, any fixed redemption price to which such holder is entitled, or the value of such interest.  In addition, such preferential rights will be paid in full before the junior class of common shareholders receive any property under the Plan.  Thus, §1129(b)(2)(C) is satisfied.

22. <u>No Other Plan.</u>  No other Chapter 11 Plan is pending before the Court in this Bankruptcy Case and § 1129(c) does not apply.

23. <u>Principal Purpose of Plan.</u>  The principal purpose of the Plan is not the avoidance of taxes of the avoidance of the application of § 5 of the Securities Action 1933 (15 U.S.C. § 77e).  Therefore the Plan satisfies the requirements of §1129(d).

24. The Court announced other findings of fact and conclusions of law on the record of the hearing, which findings and conclusions are incorporated herein by reference.

25. In summary, the Plan complies with and the Debtor has satisfied all applicable confirmation requirements and the Plan will be confirmed upon entry of the separate Confirmation Order.

[End of Order]

Approved as to form:

| | |
|---|---|
| */s/ Blake D. Miller* | */s/ Laurie A. Cayton* |
| MILLER TOONE, P.C. | Laurie A. Cayton |
| Blake D. Miller | United States Trustee |
| Deborah R. Chandler | |
| Attorneys for Debtor | |
| | |
| */s/ Peter W. Billings* | */s/ Kenneth L. Cannon*_____ |
| FABIAN CLENDENIN | DURHAM JONES & PINEGAR |
| Peter W. Billings | Kenneth L. Cannon |
| Attorneys for Official Committee of | Attorneys for Abundance Private |
| Unsecured Creditors | Opportunity Fund, LP |

**DESIGNATION OF PARTIES TO BE SERVED**

Service of the **FINDINGS OF FACT AND CONCLUSIONS OF LAW** shall be served to the parties and in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

- **Peter W. Billings    pbillings@fabianlaw.com, cmurdock@fabianlaw.com;mbeck@fabianlaw.com**
- **Matthew M. Boley    mboley@cohnekinghorn.com, jhasty@cohnekinghorn.com**
- **Kenneth L. Cannon    kcannon@djplaw.com, khughes@djplaw.com**
- **Laurie A. Cayton tr    laurie.cayton@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov**
- **Deborah Rae Chandler    chandler@millertoone.com**
- **Matthew A. Gold    courts@argopartners.net**
- **John P. Harrington    jharrington@hollandhart.com, cfries@hollandhart.com**
- **Lon A. Jenkins    jenkins.lon@dorsey.com, lalor.carol@dorsey.com;posada.monica@dorsey.com**
- **Blake D. Miller    miller@millertoone.com, millermobile@gmail.com;miller@ecf.inforuptcy.com;miller.blaked@gmail.com**
- **Brennan H. Moss    bmoss@padrm.com, shamilton@padrm.com**
- **Douglas J. Payne    dpayne@fabianlaw.com, hmcewen@fabianlaw.com;smcnett@fabianlaw.com**
- **Robert S. Prince    rprince@kmclaw.com, squilter@kmclaw.com**
- **United States Trustee    USTPRegion19.SK.ECF@usdoj.gov**
- **Gale K. x6Francis    txbk13@utah.gov**

> */s/ Blake D. Miller*
> Blake D. Miller